Eric Brooks
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
145 Commons Loop, Suite 200
PO Box 7370
Kalispell, MT 59904-7370
406-751-6004
ebrooks@mcgalaw.com
*Attorneys for Defendant*
*Symetra Life Insurance Company*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA MISSOULA DIVISION

| | |
|---|---|
| TODD STEPHAN BOEHMLER,<br><br>Plaintiff,<br><br>v.<br><br>SYMETRA LIFE INSURANCE COMPANY, and BROWN & JOSEPH, LLC, an Illinois limited liability company.<br><br>Defendants. | Cause No. CV 22-132-M-DLC-KLD<br><br><br>DEFENDANT SYMETRA LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM |

COMES NOW Defendant Symetra Life Insurance Company ("Symetra"), by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint, states:

Any allegation of Plaintiff's Complaint not admitted, denied, or otherwise answered below, is hereby denied.

1.    Plaintiff Todd Stephan Boehmler ("Todd") is an individual domiciled in Lincoln County, Montana.

**ANSWER:** Symetra admits the allegations in paragraph 1, upon information and belief.

2.    Upon information and belief, Symetra Life Insurance Company ("Symetra") is an insurance company authorized to transact business in the State of Montana.

**ANSWER:** Symetra admits the allegations in paragraph 2.

3.    Upon information and belief, Brown & Joseph, LLC ("BJ") is a limited liability company whose domestic jurisdiction is Delaware. BJ is authorized to transact business in Illinois as a foreign limited liability company. BJ is not authorized to transact business in Montana.

**ANSWER:** Paragraph 3 does not contain factual allegations directed at Symetra, and therefore no response is required.  To the extent a response is required: Symetra admits, on information and belief, that Brown & Joseph, LLC is a Delaware LLC owned by a series of other Delaware LLCs, which is ultimately owned by a limited partnership, and none of the partners in the limited partnership are citizens of Montana.

4.    Plaintiff's Father, Stephan Boehmler ("Stephan"), passed away on April 30, 2021. At the time of his passing, Stephan owned an Annuity through

Symetra ("AN0835327") worth $160,841.58.

**ANSWER:** Answering paragraph 4, Symetra admits, upon information and belief, that Stephan Boehmler passed away on April 30, 2021. Symetra further admits that Mr. Boehmler jointly owned an annuity issued by Symetra. Symetra denies the remaining allegations in paragraph 4.

5.     On May 14, 2021, Symetra sent Todd a request to complete a Claimant Option Request form in order for Symetra to process payment to Todd.

**ANSWER:** Answering paragraph 5, Symetra admits it provided Plaintiff with a claim form on or about May 14, 2021.

6.     At Symetra's request, Todd completed the Claimant Option Request form and elected "Option 3" for his Death Benefit Election.

**ANSWER:** Answering paragraph 6, Symetra admits Plaintiff completed the Claimant Option Request form and elected "Option 3" for his Death Benefit Election

7.     By letter dated June 22, 2021, Todd learned his claim had been approved and received $160,841.58 by check dated June 23, 2021.

**ANSWER:** Answering paragraph 7, Symetra admits that it sent Plaintiff a letter dated June 22, 2021 concerning the approval of his claim and a $160,841.58 check dated June 23, 2021.

8.     Todd proceeded to spend the money for his use and enjoyment.

**ANSWER:** Symetra is without knowledge and information sufficient to form

a belief as to the allegations in paragraph 8 and therefore denies them.

9.     On August 13, 2021, Symetra wrote to Todd informing him "[a] recent review of our filed determined that Stephan Boehmler did not name you as a beneficiary on this contract, and the payment made to you was in error. We regret this mistake and any inconvenience this may have caused."

**ANSWER:** Symetra admits the allegations in paragraph 9.

10.    By letter dated September 13, 2021, Symetra informed Todd that "[w]e understand that much of the amount you received was spent and may be difficult to return at this time …. If funds are not returned by October 31, 2021 or payment structure to return the funds is not established by October 31, 2021, Symetra will seek any and all available legal remedies.

**ANSWER:** Symetra admits the allegations in paragraph 10.

11.    On November 11, 2021, Symetra was provided a notice that Todd was represented by an attorney and directed "any further communication regarding the above referenced matter to [the attorney's] office." Symetra acknowledged the representation in a letter dated November 30, 2021.

**ANSWER:** Symetra admits the allegations in paragraph 11.

12.    No additional correspondence was delivered to Todd's attorney.

**ANSWER:** Answering paragraph 12, Symetra admits it did not send additional letters to Plaintiff's counsel.

13.    On May 3, 2022, Todd personally received a letter from BJ informing him that BJ was a debt collector and it was tasked with collecting $160,841.58 from him. Todd has disputed the debt in accordance with his rights under the Federal Fair Debt Collection Practices Act ("FDCPA").

**ANSWER:** Symetra is without knowledge and information sufficient to form a belief as to the allegations in paragraph 13 and therefore denies them.

## COUNT I
## UNFAIR TRADE PRACTICES ACT

14.    Symetra misrepresented pertinent facts relating to AN0835327. Specifically, Symetra represented to Todd that he was a beneficiary under the annuity when, according to Symetra, he was not.

**ANSWER:** Answering paragraph 14, Symetra admits only that, at one point in time and in reliance on a beneficiary designation form, it mistakenly informed Plaintiff that he was a beneficiary of Mr. Boehmler's annuity. Symetra denies the remaining allegations of this paragraph, including denying that this error constitutes a violation of the unfair trade practices act.

15.    As a result of Symetra's misrepresentation, Todd has endured pecuniary injury in the amount of $160,841.58.

**ANSWER:** Symetra denies the allegations in paragraph 15.

## COUNT II
## NEGLIGENCE

16.    Symetra owed Todd a duty to reasonably conduct an investigation as to whether he was a beneficiary of AN0835337.

**ANSWER:** Answering paragraph 16, Symetra admits it owed duties consistent with applicable law.  Symetra denies that paragraph 16 accurately states Symetra's duties and denies the allegations of this paragraph to the extent they are inconsistent with Montana law.

17.    Symetra breached its duty when it did not conduct a reasonable investigation. Symetra's investigation revealed he was a beneficiary when, according to Symetra, he was not.

**ANSWER:** Answering paragraph 17, Symetra admits only that its investigation revealed that Plaintiff was not a beneficiary.  Symetra denies the remaining allegations in paragraph 17.

18.    Symetra's unreasonable investigation caused Todd pecuniary injury in the amount of $160,841.58.

**ANSWER:**  Symetra denies the allegations in paragraph 18.

## COUNT III
## NEGLIGENT MISREPRESNETATION

19.    Symetra made a representation to Todd that he was a beneficiary of AN0835327.

**ANSWER:** Answering paragraph 19, Symetra admits only that, at one point in time and in reliance on a beneficiary designation form, it mistakenly informed Plaintiff that he was a beneficiary of Mr. Boehmler's annuity. Symetra denies the remaining allegations of this paragraph, including denying that this error constitutes a negligent misrepresentation.

20.     The representation was untrue.

**ANSWER:** Answering paragraph 20, Symetra admits only that, at one point in time and in reliance on a beneficiary designation form, it mistakenly informed Plaintiff that he was a beneficiary of Mr. Boehmler's annuity. Symetra denies the remaining allegations of this paragraph, including denying that this error constitutes a negligent misrepresentation.

21.     According to Symetra, there were no reasonable grounds for believe its representation was true.

**ANSWER:** Symetra denies the allegations in paragraph 21.

22.     Symetra intended for Todd to believe he was a beneficiary.

**ANSWER:** Answering paragraph 22, Symetra admits only that, at one point in time and in reliance on a beneficiary designation form, it mistakenly informed Plaintiff that he was a beneficiary of Mr. Boehmler's annuity. Symetra denies the remaining allegations of this paragraph, including denying that this error constitutes a negligent misrepresentation.

23.    Todd was unaware the representation that he was a beneficiary was untrue and justifiably relied on Symetra's representation.

**ANSWER:** Symetra is without knowledge and information sufficient to form a belief as to whether Plaintiff knew he was not a beneficiary and therefore denies that allegation.    Symetra denies the remaining allegations of this paragraph, including denying that Plaintiff justifiably relied on anything.

24.    As a result of his reliance, Todd has endured pecuniary injury in the amount of $160,841.58.

**ANSWER:** Symetra denies the allegations in paragraph 24.

### COUNT IV
### FAIR DEBT COLLECTION PRACTICES ACT

25.    Symetra and BJ knew Todd was represented by an attorney. The acknowledgment was made by letter dated November 30, 2021.

**ANSWER:** Answering paragraph 25, Symetra admits it received a November 11, 2021 letter of representation from Plaintiff's counsel.

26.    The scope of the attorney's representation related to AN0835327.

**ANSWER:** Answering paragraph 26, Symetra admits it received a November 11, 2021 letter of representation from Plaintiff's counsel and the contents of that letter speak for themselves.

27.    The name and address of Todd's attorney was provided to Symetra and imputed to BJ.

**ANSWER:** Answering paragraph 27, Symetra admits only that it received a November 11, 2021 letter of representation from Plaintiff's counsel.

28.    Despite acknowledging Todd was represented by an attorney, Symetra, through its agent BJ, communicated with Todd.

**ANSWER:** Answering paragraph 28, Symetra admits only that it received a November 11, 2021 letter of representation from Plaintiff's counsel and that it subsequently referred Plaintiff's debt to a collection agency. Symetra denies the remaining allegations of this paragraph, including denying that it violated the FDCPA.

29.    No correspondence was sent to Todd's attorney by either Symetra or BJ prior to the letter sent to Todd, personally, on May 3, 2022. Consequently, Todd's attorney did not fail to respond to either Symetra or BJ within a reasonable time.

**ANSWER:** Answering paragraph 29, Symetra admits only that it did not send a letter to Plaintiff's counsel after Symetra's November 30, 2021 letter. Symetra is without knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies them.

30.    Prior to May 30, 2022, Todd had a credit score of approximately 815. Todd has suffered pecuniary injury as a result of any drop in his credit score related to improper collection efforts.

**ANSWER:** Symetra is without knowledge and information to form a belief

as to the truth of the allegations in paragraph 30 and therefore denies them.

WHEREFORE, Plaintiff prays for the following:

1.    For special and general damages to be proved at trial;

2.    For civil liability damages as allowed by the MUTPA;

3.    For civil liability damages as allowed by the FDCPA;

4.    For attorney's fees and costs as allowed by the MUTPA and FDCPA;

5.    For other attorney's fees and costs as allowed by law; and

6.    For such other and further relief a justice may so require.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable in the above action.

**ANSWER:** Symetra denies that Plaintiff is entitled to any of the requested relief.

## <u>DEFENSES</u>

Discovery and trial preparation may render one or more of the defenses below applicable or inapplicable.  The defenses below are raised in this Answer so as not to be waived by Symetra.  At the time of the Final Pretrial Order, Symetra will dismiss any defenses that do not appear to be reasonably supported by the facts and/or applicable law.

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    To the extent Plaintiff is entitled to any damages, those damages should be offset by the amount of money he owes to Symetra.

3.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

4.    Symetra did not owe duties to Plaintiff, or some of the alleged duties, and, as a result, Plaintiff's claims fail entirely or in part.

5.    Symetra's conduct conformed to any applicable standard of care.

6.    Symetra did not breach any legal duty to Plaintiff that could provide the basis or bases for any valid claim against Symetra.

7.    Symetra's alleged actions or omissions did not cause Plaintiff's alleged damages and, thus, Plaintiff cannot recover against Symetra.

8.    Plaintiff failed to mitigate his damages, if any.

9.    Plaintiff's alleged damages, or some of them, were the proximate result of the independent and intervening acts and conduct of persons or entities other than Symetra.

10.    Other parties to this case, or other persons or entities not party to this case, were comparatively negligent, and the liability of all responsible parties should be determined in accordance with Montana law.

11.    Plaintiff did not suffer the damages he claims in this action and cannot recover these alleged damages against Symetra.

12.     Plaintiff's claims, or some of them, are barred by the doctrine of unjust enrichment.

13.     Symetra is entitled to an offset or credit for any of Plaintiff's recoveries, in whatever form, from whatever source, arising from the same subject matter.

14.     Plaintiff cannot meet the requirements to recover attorney fees on some or all of his claims.

15.     In the event Plaintiff recovers attorney fees, the amount of those fees should be determined in accordance with governing law.

16.     Plaintiff's claims, or some of them, are barred in whole or in part by the doctrines of waiver, release, consent, and/or stipulation.

WHEREFORE having fully answered Plaintiff's complaint, Symetra respectfully requests the Court (1) dismiss the complaint, Plaintiff taking nothing thereby; (2) award Symetra its costs and reasonable attorneys' fees under any applicable authority; and (3) grant any other relief the Court deems just and equitable.

## SYMETRA'S COUNTER-CLAIM

1.     Counter-Claimant Symetra is an insurance company formed under the laws of Iowa with its principal place of business in Washington.

2.     Counter-Defendant Todd Boehmler is a citizen of Montana.

3.     As set forth below, the amount in controversy exceeds $75,000 and the

parties are completely diverse.  Accordingly, the Court has diversity jurisdiction under 28 U.S.C. § 1332.

4.     Venue is proper under 28 U.S.C. § 1390(b) because Counter-Defendant resides in Montana.

5.     Symetra issued an annuity (Contract No. AN0835327) (the "Annuity") to Counter-Defendant's father, Stephan Boehmler.

6.     At one point, Counter-Defendant was a named beneficiary, but Mr. Boehmler removed him as a beneficiary in 2013.

7.     Upon information and belief, Counter-Defendant knew his father removed him as a beneficiary in 2013.

8.     Mr. Boehmler passed away in 2021.

9.     Symetra mistakenly sent Counter-Defendant a check dated June 23, 2021 for $160,841.58, representing 25% of the value of the annuity upon Mr. Boehmler's death.

10.     On August 13, 2021, Symetra notified Counter-Defendant that payment had been made in error and ask that he return the money he received.

11.     Symetra has paid out additional money ($160,841.58 in total) to the three correct beneficiaries so that they received their full shares of the Annuity.

12.     Despite multiple attempts by Symetra, Plaintiff has refused to pay Symetra the money he mistakenly received.

## <u>Count I – Unjust Enrichment/Constructive Trust</u>

13.     The $160,841.58 mistaken payment is a benefit that was conferred upon Counter-Defendant.

14.     Counter-Defendant is aware that he received the $160,841.58 benefit payment in error.

15.     Counter-Defendant is further aware that Symetra has had to pay an additional $160,841.58 to the proper beneficiaries, above and beyond the mistaken payment to Counter-Defendant.

16.     Nevertheless, Counter-Defendant has refused to repay Symetra any part of the $160,841.58.

17.     Retention of the $160,841.58 is inequitable because it is money that was not due to Counter-Defendant and money that Symetra has additionally had to pay out to the correct beneficiaries.

18.     Counter-Defendant has thus been unjustly enriched by $160,841.58.

19.     Symetra is entitled to restitution in the amount of $160,841.58.

20.     Additionally, pursuant to MCA 72-38-123, Symetra is entitled to a constructive trust over the $160,841.58 and any property Counter-Defendant has purchased with the $160,841.58.

WHEREFORE Symetra prays for the following:

1.     Restitution in the amount of $160,841.58.

2.    A constructive trust over the $160,841.58 and any property purchased

with that $160,841.58.

3.    Its attorneys' fees and costs under any applicable authority.

4.    Any other relief the Court deems just and equitable.

DATED this 10th day of August, 2022.

MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.


/s/ Eric Brooks
Eric Brooks
145 Commons Loop, Suite 200
PO Box 7370
Kalispell, MT 59904-7370
406-751-6004
ebrooks@mcgalaw.com
*Attorneys for Defendant*
*Symetra Life Insurance Company*